### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF NEBRASKA

| | |
|---|---|
| STEVEN J. HOKE, ) | 8:13CV158 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | PROTECTIVE ORDER |
| ) | |
| LIBERTY MUTUAL INSURANCE, ) | |
| a/k/a LIBERTY MUTUAL GROUP, INC. ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on the parties Stipulated Motion for Protective Order (Filing No. 26) wherein, pursuant to Fed. R. Civ. P. 26(5)(c), the parties, in connection with the above-captioned litigation, agreed to the Protective Order to facilitate the exchange of discoverable information under the Federal Rules of Civil Procedure. The court adopts the parties' stipulation. This Order shall remain in effect unless modified pursuant to the terms contained in this Order.

WHEREAS, discovery in the above-captioned proceeding has and may continue to involve the production of documents and information which the parties claim to be confidential, and the parties desire to pursue discovery with a minimum of delay and expense.

WHEREAS, the entry of an Order controlling access to and dissemination of confidential information will protect the respective interests of the parties and facilitate the progress of disclosure and discovery in this case.

**IT IS HEREBY ORDERED:**

1. When used in this Order, the word "documents" means any written, printed, typed, graphic, electronic or otherwise drawn or recorded matter of any kind, however produced or reproduced, including but not limited to: all writings, drawings, graphs, charts, photographs, lists, phone records, computer input, computer printouts or other computer readable media in whatever form, notes, working papers, correspondence, memoranda, telegrams, telexes, telecopies, cables, reports, records, electronically stored information, books, journals, pamphlets, circulars, calendars,

diaries, agreements, consultant's reports, studies, guidelines, instructions, sound or visual recordings, and other data compilations from which information can be obtained, voluntarily produced by the parties or produced in response to discovery responses or the United States District Court for the District of Nebraska's (this Court) Orders.

  2. A party may designate any documents produced in the course of discovery that it believes contains or reflects proprietary or confidential information as confidential by (a) if the designating party is producing the documents, marking them "Confidential" prior to production, and (b) if the designating party is receiving the documents from another party or a non-party, marking the documents as "Confidential" and providing a marked copy back to the other party. All such marked documents are hereinafter referred to as "Confidential Documents." In designating information as "Confidential," a party will make such designation only as to that information that it reasonably and in good faith believes contains confidential information; information or material which is available to third parties or to the public shall not be classified as Confidential. The parties' attorneys shall not permit documents produced by a non-party to be distributed or revealed to any non-party witness until the parties have had at least ten (10) business days to designate the documents as "Confidential."

  3. All such Confidential Documents and every portion thereof, shall be considered "Confidential" for purposes of this Order and shall be used by the non-producing parties only for the preparation for and conduct of this proceeding and not for any other purpose whatsoever. The non-producing party may challenge the confidentiality designation informally by (1) first attempting to informally resolve the designation dispute with counsel for the producing party; and (2) if not resolved, then by notifying the designating party in writing and providing a description of the material which the objecting party believes should be freed from the constraints of this Order. If the parties are unable to resolve any dispute over the applicability of this Protective Order, the party seeking the declassification of the documents can submit it to the Court for resolution. This Protective Order in no way moves the burden of showing that a confidentiality classification is appropriate from the producing party to the requesting party.

  4. Neither the Confidential Documents, nor any portion or summary thereof, shall be given, shown, disclosed or communicated by the non-producing parties in any

way to any person or entity, other than to the parties, attorneys for the parties, experts of the parties, witnesses for the sole purpose of preparing for or providing testimony in this proceeding and this Court (all "Authorized Persons"). Any documents marked "Confidential" that are provided to the Court must be filed under Restricted Access pursuant to NECivR 5.3. Any experts or witnesses to whom Confidential Documents are disclosed shall be provided a copy of this Order, and shall agree in writing, to adhere to the provisions hereof by signing and dating an Acknowledgement which reads as follows:

> I have been advised and fully understand that the Documents being shown to me in this litigation, which is pending before the United States District Court for the District of Nebraska, generally referred to as *Steven J. Hoke v. Liberty Mutual Insurance, a/k/a Liberty Mutual Group, Inc.,* at Case No. 8:13CV158, are deemed "CONFIDENTIAL" pursuant to an Order, and I agree to be bound by the requirements of that Order that I not disclose any information from these Confidential Documents. I further agree to be subject to the contempt powers of a court of competent jurisdiction should I violate such Order.

Counsel for each disclosing party shall maintain a file of executed copies of the Acknowledgments until this action is completed. Any party shall produce executed copies of the Acknowledgments upon written demand within five business days of the request. If a witness refuses to sign the aforementioned Acknowledgment, notice under this Order shall be attained when an officer of the Court, or a court reporter, reads the Acknowledgment to the witness and notes in writing or on the record that the witness was read the Acknowledgment and refused to sign the same.

5.  Any party or attorney for a party furnishing Confidential Documents or disclosing information pursuant to the terms of this Order shall not waive the confidentiality thereof.

6.  Should Confidential Documents be utilized in connection with any document filed with this Court, or be utilized at any hearing, or should information governed by this Order be disclosed in any document filed with this Court, or in the transcript of any hearing, such exhibit, affidavit, discovery answer, or other document or transcript filed with this Court, the parties and their counsel shall take appropriate measures to protect against public disclosure of such Confidential Documents or information by noting on the filing that it "Contains Confidential Information." Any

documents designated as "Confidential" that are filed with the Court shall be filed under Restricted Access, pursuant to NECivR 5.3.

7. At the conclusion of all proceedings in the above-captioned litigation, all Confidential Documents governed by the terms of this Order (and all copies of such Confidential Documents) shall be returned from any person in possession thereof to the producing party or destroyed, except that each party's outside counsel may maintain one archival copy for the file for ten (10) years after the conclusion of all proceedings in the above-captioned litigation. Moreover, the obligations of this Order shall not terminate upon the conclusion of the above-captioned litigation, but shall continue until further reorder of this Court or until the producing party claiming confidentiality has waived the same in writing or the Confidential Documents are shown to no longer be confidential.

8. This Order shall in no way affect or impair the right of any party or person to raise or assert any defense or objection, including but not limited to defenses or objections to the discovery or production of documents or information, and to the use or admissibility at any hearing of any evidence, whether or not comprised of Confidential Documents or information governed by this Court's Order.

9. This Order shall not be construed as preventing any person from making use of or disclosing any documents or information which were lawfully in possession of that person prior to the date of this Order.

10. This Order is without prejudice to the right of any party to seek relief from this Court from any of the restrictions provided above upon good cause shown or for any other grounds provided by applicable law.

11. The terms of this Order are enforceable from the date this Order is signed by the parties.

12. After termination of this litigation, the provisions of this Order shall continue to be binding. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Confidential Documents for enforcement of the provisions of this Order following termination of this litigation.

**SO ORDERED** this 31st day of July, 2013
                        BY THE COURT:
                        s/ Thomas D. Thalken
                        United States District Court Judge